UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEHIGH HOMESTEAD SHELL, LLC,

    Plaintiff,

v.                                        Case No.:  2:22-cv-809-SPC-NPM

AMGUARD INSURANCE COMPANY,

    Defendant.
_____/

**<u>ORDER</u>**[1]

Before the Court is Defendant Amguard Insurance Company's Supplement to Notice of Removal. (Doc. 17). Plaintiff Lehigh Homestead Shell, LLC sued Defendant in state court for breaching an insurance policy, but Defendant removed the case based on diversity jurisdiction. (Doc. 1). The Court then ordered Defendant to supplement its removal because Plaintiff's citizenship was unclear for two reasons. (Doc. 16). First, Plaintiff's citizenship was pled as if it were a corporation and not a limited liability company ("LLC"). Second, the removal papers said nothing about the domiciles of the LLC members.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Although Defendant has supplemented its removal notice, Plaintiff's citizenship remains uncertain. As best the Court can tell, Defendant maintains that Muhammed Karagoz is Plaintiff's only member based on Plaintiff's Certificate of Interested Persons and Corporate Disclosure Statement. (Doc. 17 at 1 (citing Docs. 10 & 12)). Defendant also points to Plaintiff's 2018 Limited Liability Company Amended Annual Report that lists Sema Karagoz and "Mummer" Karagoz as authorized persons who live in Lehigh Acres, Florida. (Doc. 17-1). From there, Defendant asserts that "Mummer Karagoz" is merely a misspelling of Muhammed Karagoz.

Even accepting Defendant's new information as true, it isn't enough to satisfy its jurisdictional burden. An LLC member's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). It is not determined by residency. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person"). So Defendant offering a Florida address as listed on the Annual Report (which predates this suit) shows residency—not domicile. Because residency is not enough, the Court remands this action for lack of subject matter jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d

2

405, 411 (11th Cir. 1999) (explaining that courts must "construe removal statutes strictly" and "resolve all doubts about jurisdiction . . . in favor of remand to state court").

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to terminate any pending motions and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 18, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record